Sinker, Davis & Co. v. Green.

The case is not one where there is an act beyond the authority of a corporation, for here there is plenary statutory authority, and the only question is whether the necessary steps were taken by sworn officers of a public corporation. Our conclusion is, that when a contract, valid on its face, is shown, the presumption is that the corporate officers did their duty. *Mechanics' Banking Ass'n* v. *Spring Valley, etc., Co,* 25 Barb. 420. Either this must be so, or we must attribute to them a violation of duty, and this can not be done without running counter to one of the fundamental maxims of jurisprudence.

It is only where the answers of a jury to interrogatories are irreconcilable with the general verdict that they will prevail. No presumptions are made in favor of the answers to interrogatories; but, on the contrary, all reasonable intendments are made in favor of the general verdict. *Redelsheimer* v. *Miller,* 107 Ind. 485, and cases cited; *Rice* v. *City of Evansville,* 108 Ind. 7, and cases cited.

It is clear, that, under these established rules, the special answers of the jury can not control their general verdict.

No objections to the form of a judgment will be considered in this court unless there has been a motion to modify addressed to the trial court.

The evidence is not in the record, and the instructions must be regarded as correct and relevant to the case made by the evidence.

Judgment affirmed.

Filed Jan. 21, 1888; petition for a rehearing overruled April 25, 1888.

---

No. 13,006.

SINKER, DAVIS & CO. v. GREEN.

From the Hamilton Circuit Court.

*E. A. Brown, L. M. Harvey, A. F. Shirts* and *G. Shirts,* for appellant.
*F. M. Trissal,* for appellee.

ELLIOTT, J.—Upon the authority of *Sinker, Davis & Co.* v. *Green, ante,* p. 264, the judgment is reversed, and the cause remanded for a new trial.

Filed Feb. 9, 1888.